1  DEAN J. KITCHENS, SBN 82096
   DKitchens@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
3  Los Angeles, California 90071-3197
   Telephone:  (213) 229-7000
4  Facsimile:  (213) 229-7520

COPY TO BE CONFORMED

FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2009 MAR -4  AM 10: 05
BY _____

5  JONATHAN DICKEY, SBN 088226
   JDickey@gibsondunn.com
6  200 Park Avenue, 48th Floor
   New York, New York 10166-0193
7  Telephone:  (212) 351-2399
   Facsimile:  (212) 351-6399

8
9  Attorneys for Underwriter Defendants
   GOLDMAN, SACHS & CO., CREDIT SUISSE
   SECURITIES (USA) LLC, GREENWICH
10 CAPITAL MARKETS, INC., DEUTSCHE BANK
   SECURITIES INC., MERRILL LYNCH & CO.,
11 INC., MORGAN STANLEY & CO., HSBC
   SECURITIES (USA) INC., J.P. MORGAN
12 SECURITIES, INC., BANC OF AMERICA
   SECURITIES LLC, UBS SECURITIES, LLC, and
13 CITIGROUP GLOBAL MARKETS, INC.

14 [Additional Counsel on Signature Page]

15
16            UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
17                 WESTERN DISTRICT

18                         CV09-01520 FMC (FFMx)

19 IBEW LOCAL 103,                    CASE NO. _____

20            Plaintiff,

21      v.                            NOTICE OF REMOVAL OF ACTION
                                      PURSUANT TO 28 U.S.C. § 1452 AND
   INDYMAC MBS, INC., INDYMAC        28 U.S.C. § 1453
22 ABS, INC., JOHN OLINSKI, S. BLAIR
   ABERNATHY, SAMIR GROVER,
23 SIMON HEYRICK, VICTOR
   WOODWORTH, LYNETTE ANTOSH,
24 RAPHAEL BOSTIC, HOME EQUITY
   MORTGAGE LOAN ASSET-BACKED
25 TRUST, SERIES INDS 2006-1, HOME
   EQUITY MORTGAGE LOAN ASSET-
26 BACKED TRUST, SERIES INDS 2006-
   2B, INDYMAC HOME EQUITY
27 MORTGAGE LOAN ASSET-BACKED
   TRUST, SERIES 2006-H1, INDYMAC
28 HOME EQUITY MORTGAGE LOAN

Gibson, Dunn &
Crutcher LLP

NOTICE OF REMOVAL

ASSET-BACKED TRUST, SERIES
2006-H2, INDYMAC HOME EQUITY
MORTGAGE LOAN ASSET-BACKED
TRUST, SERIES 2006-H3, INDYMAC
HOME EQUITY MORTGAGE LOAN
ASSET-BACKED TRUST, SERIES
2007-H1, INDYMAC HOME EQUITY
MORTGAGE LOAN ASSET-BACKED
TRUST, SERIES 2006-H4, INDYMAC
IMJA MORTGAGE LOAN TRUST
2007-A1, INDYMAC IMJA
MORTGAGE LOAN TRUST 2007-A2,
INDYMAC IMJA MORTGAGE LOAN
TRUST 2007-A3, INDYMAC IMJA
MORTGAGE LOAN TRUST 2007-A4,
INDYMAC IMSC MORTGAGE LOAN
TRUST 2007-AR1, INDYMAC IMSC
MORTGAGE LOAN TRUST 2007-AR2,
INDYMAC IMSC MORTGAGE LOAN
TRUST 2007-F1, INDYMAC IMSC
MORTGAGE LOAN TRUST 2007-F2,
INDYMAC IMSC MORTGAGE LOAN
TRUST 2007-F3, INDYMAC IMSC
MORTGAGE LOAN TRUST 2007-
HOA1, INDYMAC INDA MORTGAGE
LOAN TRUST 2006-AR1, INDYMAC
INDA MORTGAGE LOAN TRUST
2006-AR2, INDYMAC INDA
MORTGAGE LOAN TRUST 2006-AR3,
INDYMAC INDA MORTGAGE LOAN
TRUST 2007-AR1, INDYMAC INDA
MORTGAGE LOAN TRUST 2007-AR2,
INDYMAC INDA MORTGAGE LOAN
TRUST 2007-AR3, INDYMAC INDA
MORTGAGE LOAN TRUST 2007-AR4,
INDYMAC INDA MORTGAGE LOAN
TRUST 2007-AR5, INDYMAC INDA
MORTGAGE LOAN TRUST 2007-AR6,
INDYMAC INDA MORTGAGE LOAN
TRUST 2007-AR7, INDYMAC INDA
MORTGAGE LOAN TRUST 2007-AR8,
INDYMAC INDA MORTGAGE LOAN
TRUST 2007-AR9, INDYMAC INDB
MORTGAGE LOAN TRUST 2006-1,
INDYMAC INDX MORTGAGE LOAN
TRUST 2006-AR11, INDYMAC INDX
MORTGAGE LOAN TRUST 2006-
AR12, INDYMAC INDX MORTGAGE
LOAN TRUST 2006-AR13, INDYMAC
INDX MORTGAGE LOAN TRUST
2006-AR14, INDYMAC INDX
MORTGAGE LOAN TRUST 2006-
AR15, INDYMAC INDX MORTGAGE
LOAN TRUST 2006-AR19, INDYMAC
INDX MORTGAGE LOAN TRUST
2006-AR2, INDYMAC INDX

MORTGAGE LOAN TRUST 2006-AR20, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR23, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR25, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR27, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR29, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR3, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR31, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR33, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR35, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR37, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR39, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR4, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR41, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR5, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR6, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR7, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR8, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR9, INDYMAC INDX MORTGAGE LOAN TRUST 2006-FLX1, INDYMAC INDX MORTGAGE LOAN TRUST 2006-R1, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR1, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR11, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR13, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR15, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR17, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR19, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR21IP, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR5, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR7, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR9, INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX1, INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX2, INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX3, INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX4, INDYMAC INDX MORTGAGE LOAN TRUST 2007-

FLX5, INDYMAC INDX MORTGAGE
LOAN TRUST 2007-FLX6, INDYMAC
RESIDENTIAL MORTGAGE-BACKED
TRUST, SERIES 2006-L1, INDYMAC
RESIDENTIAL MORTGAGE-BACKED
TRUST, SERIES 2006-L2, INDYMAC
RESIDENTIAL MORTGAGE-BACKED
TRUST, SERIES 2006-L3, INDYMAC
RESIDENTIAL MORTGAGE-BACKED
TRUST, SERIES 2006-L4, INDYMAC
RESIDENTIAL MORTGAGE-BACKED
TRUST, SERIES 2007-L1,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A1,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A10,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A11,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A12,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A13,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-
A14CB, RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A15,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A16,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A2,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A3CB,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A4,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A5CB,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A6,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A7CB,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A8,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A9CB,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-R1,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-R2,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2007-A1,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2007-A2,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2007-A3,
RESIDENTIAL ASSET
SECURITIZATION TRUST 2007-A5,

1    RESIDENTIAL ASSET
     SECURITIZATION TRUST 2007-A6,
2    RESIDENTIAL ASSET
     SECURITIZATION TRUST 2007-A7,
3    RESIDENTIAL ASSET
     SECURITIZATION TRUST 2007-A8,
4    RESIDENTIAL ASSET
     SECURITIZATION TRUST 2007-A9,
5    RESIDENTIAL ASSET
     SECURITIZATION TRUST 2007-R1,
6    GOLDMAN, SACHS & CO., CREDIT
     SUISSE SECURITIES (USA) LLC,
7    GREENWICH CAPITAL MARKETS,
     INC., DEUTSCHE BANK SECURITIES
8    INC., MERRILL LYNCH & CO., INC.,
     MORGAN STANLEY & CO., HSBC
9    SECURITIES (USA), J.P. MORGAN
     SECURITIES, INC., BANC OF
10   AMERICA SECURITIES LLC, UBS
     INVESTMENT BANK, UBS
11   SECURITIES, LLC, CITIGROUP
     GLOBAL MARKETS, INC., INDYMAC
12   SECURITIES CORP., MOODY'S
     INVESTOR SERVICES, STANDARD &
13   POOR'S RATINGS SERVICES, and
     FITCH RATINGS,
14
                    Defendants.
15

16         TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

17   CENTRAL DISTRICT OF CALIFORNIA, ALL PARTIES AND THEIR

18   ATTORNEYS OF RECORD:

19         **PLEASE TAKE NOTICE** that, on this date, Specially Appearing Defendants

20   Goldman, Sachs & Co., Credit Suisse Securities (USA) LLC, Greenwich Capital

21   Markets, Inc., Deutsche Bank Securities Inc., Merrill Lynch & Co., Inc., Morgan

22   Stanley & Co., HSBC Securities (USA), J.P. Morgan Securities, Inc., Banc of America

23   Securities LLC, UBS Securities, LLC,[1] Citigroup Global Markets, Inc., S. Blair

24   Abernathy, Moody's Investor Services, Standard & Poor's Rating Services[2] and Fitch

25   _____

26   [1]  The Complaint in this action erroneously names "UBS Investment Bank" as a
     defendant.  No such legal entity exists.

27
28   [2]  The Complaint in this action names "Standard & Poor's Ratings Services" as a
     defendant.  Prior to January 1, 2009, Standard & Poor's Ratings Services did not
                              [Footnote continued on next page]

Gibson, Dunn &
Crutcher LLP

5

1  Ratings (collectively, the "Removing Defendants"), by and through their undersigned

2  attorneys, file this Notice of Removal, and hereby remove to the United States District

3  Court for the Central District of California the action known as *IBEW Local 103 v.*

4  *IndyMac MBS, Inc., et al.*, previously filed in the Superior Court of the State of

5  California, County of Los Angeles.  The grounds for removal are set forth below.[3]

6  **SUMMARY**

7      1.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C.

8  § 1334(b) because this matter is related to pending bankruptcy proceedings.  Removal

9  is proper under 28 U.S.C. § 1452 because Section 1452 controls over the non-removal

10 provision of Section 22(a) of the Securities Act of 1933 ("1933 Act").  *Carpenters*

11 *Pension Trust for S. Cal. v. Ebbers*, 299 B.R. 610, 613-15 (C.D. Cal. 2003); *California*

12 *Pub. Employees Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 108 (2d Cir. 2004) ("we

13 hold that generally nonremovable claims brought under the Securities Act of 1933 may

14 be removed to federal court if they come within the purview of 28 U.S.C. § 1452(a),

15 which confers federal jurisdiction over claims that are related to a bankruptcy case").

16 The Removing Defendants are entitled to have this case heard in a federal court rather

17 than state court because this case is related to federal bankruptcy proceedings.

18     2.    In addition, this Court also has original jurisdiction over this matter under

19 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"),

20 and all the claims and causes of action in the matter may be removed to this Court

21 under 28 U.S.C. § 1453.  As discussed below, although there is a split in authority

22

23 [Footnote continued from previous page]
   exist as a separate legal entity, but rather as a business unit within Standard &
24 Poor's, itself a division of The McGraw-Hill Companies, Inc.  As of January 1,
   2009, Standard & Poor's Rating Services changed its legal structure so that its
25 United States business will operate as part of "Standard & Poor's Financial
   Services, LLC," a wholly-owned subsidiary of McGraw-Hill.
26
27 [3] The Removing Defendants specially appear for the purposes of removal only and
   for no other purpose, and they reserve all defenses, whether jurisdictional or
28 otherwise, available to them.  The consent of the remaining defendants is not
   required for removal.  *See* 28 U.S.C. §§ 1452(a), 1453(b).

Gibson, Dunn &
Crutcher LLP

6

1  between the Ninth Circuit and the other courts that have considered the question of

2  whether the removal provisions of CAFA control over the non-removal provision of

3  Section 22(a) of the 1933 Act, the more recent authorities – from the Seventh Circuit

4  and a Second Circuit district court – hold that the removal provisions of CAFA control.

5      3.      A previously-filed action involving one of the very same securities

6  offerings in this case and the same claims under the 1933 Act previously was removed

7  from the Supreme Court of the State of New York, County of New York, to the United

8  States District Court for the Southern District Court of New York, pursuant to the same

9  removal provisions invoked here.  Copies of the Complaint and Notice of Removal in

10  the previously-filed and removed case, *Tsereteli v. Residential Asset Securitization*

11  *Trust 2006-A8, et al.*, are attached hereto as Exhibits A and B.

## PROCEDURAL HISTORY

13      4.      Plaintiff IBEW Local 103 filed a Summons and Complaint in the Superior

14  Court of the State of California, County of Los Angeles, on January 20, 2009.  The

15  case was assigned a case number of BC405843.

16      5.      On January 29, 2009, the Honorable Carl J. West of the Superior Court

17  for the State of California entered an order that designated the case complex pursuant

18  to Rule 3.400 of the California Rules of Court, reassigned the case to the Honorable

19  Victoria G. Chaney, and stayed the case until the initial status conference date.  *See*

20  Exhibit C.  On February 20, 2009, the Honorable Victoria G. Chaney of the Superior

21  Court for the State of California entered an order that scheduled an initial status

22  conference for April 13, 2009.  *See* Exhibit D.

23      6.      Plaintiff served the Removing Defendants with the Summons and

24  Complaint on or after February 4, 2009.  In accordance with 28 U.S.C. § 1446(a),

25  copies of process, pleadings, and orders served upon the Removing Defendants are

26  attached hereto as Exhibit E.  On information and belief, the earliest date Plaintiff

27  served any defendant other than the Removing Defendants is February 4, 2009.

28

Gibson, Dunn &
Crutcher LLP

**NOTICE OF REMOVAL**

1  Copies of proofs of service filed by Plaintiff and available from the Superior Court for
2  the State of California are attached hereto as Exhibit F.

3       7.    The Removing Defendants' time to answer the Summons and Complaint
4  has not expired, and none of the Removing Defendants has served or filed an answer.

5       8.    No further proceedings have occurred in this action in the Superior Court
6  for the State of California.

7       9.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Fed. R.
8  Bankr. P. 9027(a)(3) because it is being filed within thirty days after receipt of the
9  Summons and Complaint.

10                                             **DISCUSSION**

11  **I.**    **Bankruptcy "Related To" Jurisdiction**

12       10.    Removal is proper under 28 U.S.C. § 1452, which provides for "[r]emoval
13  of claims related to bankruptcy cases."  Section 1452(a) provides in relevant part that
14  "[a] party may remove any claim or cause of action in a civil action . . . to the district
15  court for the district where such civil action is pending, if such district court has
16  jurisdiction of such a claim or action under § 1334 of this title."  Under 28 U.S.C.
17  § 1334(b), this Court has jurisdiction to hear all civil proceedings that are "related to
18  cases under title 11," which is the United States Bankruptcy Code.  As explained
19  below, this action is "related to" the bankruptcy proceedings of IndyMac Bancorp, Inc.
20  ("IBI") and Lehman Brothers, Inc. ("Lehman").

21      **A.**    **IndyMac Bankruptcy Proceeding**

22       11.    On July 31, 2008, IBI filed a voluntary petition for relief under Chapter 7
23  of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy
24  Court for the Central District of California. *See In re IndyMac Bancorp, Inc.*, Case
25  No. 08-21752 (Bankr. C.D. Cal., Jul. 31, 2008).

26       12.    Plaintiff alleges that IBI was "a holding company" for IndyMac Bank,
27  F.S.B. ("IndyMac Bank"), which "formed" defendants IndyMac MBS, Inc. and
28  IndyMac ABS, Inc. "for the purposes of acquiring, owning and transferring mortgage

1  assets and selling interests in them or bonds secured by them." Compl. ¶¶ 51, 3.

2  Plaintiff further alleges that IndyMac MBS and IndyMac ABS pooled together loans

3  originated by IndyMac bank and "securitized them into mortgage backed securities . . .

4  that were sold to qualifying special purpose entities referred to as the 'Issuing Trusts'

5  . . . [which] in turn, sold 'Certificates' to Plaintiff." *Id.* ¶¶ 3-4.

6       13.    The Complaint alleges, among other things, that certain registration

7  statements filed in connection with the certificates sold to Plaintiff contained

8  misstatements and omissions in violation of Sections 11, 12 and 15 of the 1933 Act, 15

9  U.S.C. §§ 77k, 77l, and 77o. Compl. ¶ 14. The registration statements were allegedly

10  signed by a number of former IndyMac directors and officers, including individual

11  defendants John Olinski, S. Blair Abernathy (a Removing Defendant), Samir Grover,

12  Simon Heyrick, Victor Woodworth, Lynette Antosh and Raphael Bostic. *Id.* ¶¶ 21-27.

13       14.    A case is "related to" a bankruptcy proceeding within the meaning of 28

14  U.S.C. § 1334(b) when "the outcome of the proceeding could conceivably have any

15  effect on the estate being administered in bankruptcy." *Carpenters*, 299 B.R. at 613

16  (citing *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)) (internal quotations omitted). In

17  the Ninth Circuit, a defendant's claim for indemnity or contribution against an entity in

18  bankruptcy gives rise to "related to" jurisdiction. *Id.* (citing *In re Enron Corp.*, 296

19  B.R. 505 (C.D. Cal 2003) and *In re Sizzler Restaurants Int'l, Inc.*, 262 B.R. 811

20  (Bankr. C.D. Cal. 2001)).

21       15.    Plaintiff's claims are related to the ongoing IBI bankruptcy proceedings

22  because this suit could have a direct and material impact on the outcome of those

23  proceedings. Certain of the Removing Defendants may have claims for

24  indemnification, contribution or other relief against the IBI estate, including, without

25  limitation, indemnification or contribution claims against the IBI estate, including for

26  proceeds from D&O insurance policies. Indeed, the Bankruptcy Court already is

27  administering access to those D&O policies by former officers and directors, including

28  defendants S. Blair Abernathy (a Removing Defendant) and John Olinski, under a

Gibson, Dunn &
Crutcher LLP

9

1    stipulated "comfort order" entered on December 15, 2008, which, among other things,

2    requires a court-appointed retired judge (retired District Court Judge Dickran

3    Tevrizian) to review for reasonableness and approve any request for reimbursement

4    under the policies.  Since any additional claim to policy proceeds by any of the

5    defendants in this action could well reduce the amount of coverage available, any such

6    claims at a minimum would have a conceivable effect on the IBI bankruptcy estate.

7    Thus, this action is "related to" the IBI bankruptcy case and removal is proper.

8            **B.    Lehman Bankruptcy Proceeding**

9           16.    Title 11, the Bankruptcy Code, provides the statutory framework under

10   which the Securities Investor Protection Corporation ("SIPC") liquidates a covered

11   broker or dealer.  15 U.S.C. § 78fff(b).  On September 19, 2008, the United States

12   District Court for the Southern District of New York entered an order granting SIPC's

13   application for a Protective Decree over Lehman.  *See* Exhibit G.  Pursuant to that

14   order, Lehman was placed in liquidation under the Securities Investor Protection Act

15   ("SIPA") to be administered by the United Stated Bankruptcy Court for the Southern

16   District of New York in accordance with provisions of the Bankruptcy Code.  *Id.* ¶¶ I,

17   XIII.  The court also issued a stay of proceedings against Lehman, in accordance with

18   the provisions of 11 U.S.C. § 362 and 15 U.S.C. § 78eee.  *Id.* ¶¶ III-IX.  Pursuant to 15

19   U.S.C. § 78eee(b)(2)(A)(i), the Bankruptcy Court has "exclusive jurisdiction" over

20   Lehman, a SIPA liquidation debtor, and its property wherever located.  Further, the

21   Bankruptcy Court overseeing the SIPA liquidation of Lehman has "the [same]

22   jurisdiction, powers, and duties [as] conferred upon a court of the United States having

23   jurisdiction over cases under title 11 [the Bankruptcy Code]."  15 U.S.C.

24   § 78eee(b)(2)(A)(iii).

25          17.    Plaintiff's claims are related to the ongoing Lehman liquidation

26   proceedings in Bankruptcy Court because this suit could have a direct and material

27   impact on the outcome of those proceedings.  According to the Complaint, Lehman

28   was the underwriter or co-underwriter for 22 of the securities offerings at issue in this

Gibson, Dunn &
Crutcher LLP

10

1  case.  Compl. ¶ 28.  Certain of the Removing Defendants may have claims for

2  indemnification, contribution or other relief against the Lehman estate, including,

3  without limitation, statutory claims for contribution that one or more of the defendants

4  may have against Lehman under Section 11(f) of the 1933 Act.  *See In re WorldCom,*

5  *Inc. Sec. Litig.*, 293 B.R. 308, 324 (S.D.N.Y. 2003) (finding "related to" jurisdiction

6  based on potential contribution claims under 15 U.S.C. § 77k(f)(1)).  Such claims may

7  have an effect on the Lehman estate in liquidation and, therefore, this action is plainly

8  "related to" the Lehman liquidation proceedings in Bankruptcy Court and removal is

9  proper.  *See In re Sunpoint Sec., Inc.*, 262 B.R. 384, 393 (Bankr. E.D. Tex. 2001)

10  (holding in context of a SIPA liquidation that a claim that could "conceivably" affect

11  the property of the debtor's estate satisfied requirements for "related to" jurisdiction).

12  **II.    Jurisdiction Under The Class Action Fairness Act Of 2005**

13          18.    Under CAFA, a putative class action commenced after February 18, 2005

14  may be removed to a federal court if: (1) the action purports to be brought on behalf of

15  a class of 100 or more members; (2) the amount in controversy exceeds the sum or

16  value of $5,000,000, exclusive of interest and costs; and (3) any member of the

17  putative class is a citizen of a state different from any defendant.  28 U.S.C.

18  § 1332(d)(2)(A).  As explained below, this action meets the requirements for removal

19  under CAFA, and, although there is a split in authority between the Ninth Circuit and

20  the other courts to have considered the question of whether the removal provisions of

21  CAFA control over the non-removal provision of Section 22(a) of the 1933 Act, the

22  more recent authority holds that they do.

23          **A.    This Action Meets The Requirements For Removal Under CAFA**

24          19.    CAFA is applicable to this action because it was filed on January 20,

25  2009, after the effective date of CAFA.  28 U.S.C. §§ 1332, 1453.

26          20.    This case is a class action within the meaning of CAFA.  Plaintiff seeks to

27  represent a class of persons in a civil action filed under a "State statute or rule of

28  judicial procedure authorizing an action to be brought by 1 or more representative

Gibson, Dunn &
Crutcher LLP

**NOTICE OF REMOVAL**

persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).  According to the

Complaint, "Plaintiff believes that there are thousands of members in the proposed

Class." Compl. ¶ 129.

21.    This case also satisfies the amount in controversy requirement established

by CAFA.  Under 28 U.S.C. § 1332, the amount in controversy is determined by

aggregating the amount at issue in the claims of all members of the putative class.

Here, Plaintiff's Complaint alleges that the defendants made false and misleading

statements in connection with the issuance of approximately $56 billion in certificates

and that the certificates are no longer marketable at the price paid by the putative class

members. *See* Compl. ¶¶ 28, 99.  While the Removing Defendants deny that Plaintiff

or any putative class member is entitled to recover any amounts or the other relief

sought, these allegations plainly make the aggregate amount in controversy in this

action more than $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

22.    This action also satisfies the diversity of citizenship requirement for

CAFA.  All that is required to establish diversity jurisdiction under CAFA is that any

one member of the putative class is a citizen of a state different from any one

defendant.  28 U.S.C. § 1332(d)(2)(A).  Although Plaintiff fails to identify its own

citizenship in the Complaint, upon information and belief, IBEW Local 103 is the

International Brotherhood of Electrical Workers, Local 103, a citizen of

Massachusetts.  None of the Removing Defendants are citizens of Massachusetts, and,

upon information and belief, the defendants are citizens of California, Delaware, New

York, and North Carolina.

23.    No exceptions to CAFA's jurisdictional grant apply in this case.

**B.     There Is A Split Of Authority On CAFA Removal,
And It Is Appropriate To Revisit The *Luther* Holding
In The Wake Of Recent Contrary Decisions**

24.    Plaintiff alleges claims solely under the 1933 Act. *See* Compl. ¶ 14.
Section 22(a) of the 1933 Act, which authorizes concurrent jurisdiction in state and

1    federal courts for actions arising under the 1933 Act, states that "no case arising under

2    this subchapter and brought in any State court of competent jurisdiction shall be

3    removed to any court of the United States." *See* 15 U.S.C. § 77v(a). The United States

4    Supreme Court has yet to rule on the question of whether a defendant may remove to

5    federal court an action initially filed in state court pursuant to CAFA, a later-adopted

6    statute, in cases where a plaintiff alleges solely 1933 Act claims.

7        25.    There is a clear split in authority among the lower federal courts that have

8    ruled on the issue. In *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031

9    (9th Cir. 2008), a panel of the Ninth Circuit held that Section 22(a) precludes the

10   exercise of removal jurisdiction under CAFA in class action lawsuits alleging solely

11   claims under the 1933 Act. The Seventh Circuit in *Katz v. Gerardi*, 552 F.3d 558 (7th

12   Cir. 2009), and a United States District Court of the Southern District of New York in

13   *New Jersey Carpenters Vacation Fund v. HarborView Mortgage Loan Trust 2006-4*,

14   581 F. Supp. 2d 581 (S.D.N.Y. 2008), have since come to a different conclusion than

15   the Ninth Circuit's holding in *Luther*.

16       26.    In *Luther*, the Ninth Circuit applied a canon of statutory construction and

17   held that although a more recently-enacted statute, in this instance CAFA, would

18   generally overrule an earlier-enacted statute, in this instance the 1933 Act, the 1933

19   Act's anti-removal provision should nonetheless control because it is the more specific

20   statute. 533 F.3d at 1034.

21       27.    In *Katz*, the Seventh Circuit was faced with the same question posed in

22   *Luther* – the removability of actions asserting claims arising under the 1933 Act

23   pursuant to CAFA – and came to the exact opposite conclusion of the *Luther* court.

24   The Seventh Circuit held that the "language of [CAFA], rather than a canon" of

25   statutory construction resolves the issue and thus, actions asserting 1933 Act claims are

26   removable under CAFA so long as CAFA's requirements for removal are satisfied and

27   the case does not fall within one of the statute's exceptions. In "disagree[ing] with

28   *Luther*," the Seventh Circuit noted that "Luther failed to recognize that [Section] 22(a)

Gibson, Dunn &
Crutcher LLP

13

1    of the 1933 Act is not a subset of the 2005 Act [CAFA]" and that the *Luther* court

2    erred in viewing the 1933 Act as a more specific statute than CAFA, noting that the

3    Ninth Circuit did not analyze the language of the statute or acknowledge the existence

4    of the provisions of CAFA addressing securities class actions. *Katz*, 552 F.3d at 562

5    (referring to the provisions of 28 U.S.C. § 1453(d)).

6         28.    In *HarborView*, the United States District Court for the Southern District

7    of New York found *Luther* similarly unpersuasive, holding that "a review of the

8    decisions and the legislative history" demonstrates that the removal provisions of

9    CAFA "trump" the anti-removal provision of the 1933 Securities Act. 581 F. Supp. 2d

10   at 588. As in *Katz*, the District Court in the *HarborView* action concluded that "by its

11   clear language, CAFA creates original jurisdiction for and removability of *all* class

12   actions that meet the minimal requirements and do not fall under one of the limited

13   exceptions." *Id.* at 584 (emphasis in original). Plaintiff in the *HarborView* action filed

14   an interlocutory appeal of the District Court's ruling to the United States Court of

15   Appeals for the Second Circuit (*New Jersey Carpenters Vacation Fund* v. *HarborView*

16   *Mortgage Loan Trust 2006-4, et al.*, No. 08-CV-4861 (2d Cir.)), but withdrew that

17   appeal after the Seventh Circuit issued its opinion in *Katz*. *See* Exhibit H.

18        29.    In the wake of the *Katz* and *HarborView* decisions – which were not yet

19   decided at the time that the Ninth Circuit decided *Luther* – the Ninth Circuit may deem

20   it appropriate to revisit its earlier holding, including possible *en banc* review of the

21   issue. *See* 9th Cir. Local R. App. P. 35-1 ("When the opinion of a panel directly

22   conflicts with an existing opinion by another court of appeals and substantially affects

23   a rule of national application in which there is an overriding need for national

24   uniformity, the existence of such conflict is an appropriate ground for suggesting a re-

25   hearing en banc.").

26        30.    In addition, the existence of the conflict between the Seventh Circuit and

27   a Second Circuit district court, on the one hand, and the Ninth Circuit, on the other,

28   regarding how CAFA applies to the removal of civil actions asserting claims under the

1   1933 Act suggests that the Supreme Court of the United States may also choose to

2   consider the issue.  *See* Sup. Ct. R. 10 (identifying as a "compelling reason[]" for

3   Supreme Court review that "a United States court of appeals has entered a decision in

4   conflict with the decision of another United States court of appeals on the same

5   important matter").

## OTHER PROCEDURAL REQUIREMENTS

7        31.    Promptly upon the filing of this Notice of Removal, a true copy of this

8   Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. §

9   1446(d) and Fed. R. Bankr. P. 9027(b).  Pursuant to Fed. R. Civ. P. 5(d), the Removing

10  Defendants will file with this Court a Certificate of Service of Notice to Adverse

11  Parties of Removal to Federal Court.

12       32.    Concurrently with the filing of this Notice of Removal, the Removing

13  Defendants are filing a Notification of Filing of Notice of Removal with the Clerk for

14  the Superior Court Of The State Of California in accordance with 28 U.S.C. § 1446(d).

15       33.    As required under Fed. R. Bankr. P. 9027(a)(1), the Removing

16  Defendants state that the claims asserted against them are non-core, within the

17  meaning of 28 U.S.C. § 157(b), and that they do not consent to entry of final orders or

18  judgment by a bankruptcy judge.

19       34.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11 and Fed.

20  R. Bankr. P. 9011.  *See* 28 U.S.C. § 1446(a); Fed. R. Bankr. P. 9027.

21

22

23

24

25

26

27

28

1       WHEREFORE, the Removing Defendants hereby remove this entire civil action

2  from the Superior Court of the State of California, County of Los Angeles County, to

3  the United States District Court for the Central District of California.

4

5  Dated:  March 4, 2009      DEAN J. KITCHENS

6                          JONATHAN C. DICKEY
                           GIBSON, DUNN & CRUTCHER LLP

7                           By:    _Dean Kitchens_

8                                   Dean J. Kitchens

9                           *Attorneys for Underwriter Defendants*
                           Goldman, Sachs & Co., Credit Suisse

10                        Securities (USA) LLC, Greenwich Capital
                         Markets, Inc., Deutsche Bank Securities Inc.,

11                      Merrill Lynch & Co., Inc., Morgan Stanley &
                         Co., HSBC Securities (USA) Inc., J.P.

12                      Morgan Securities, Inc., Banc of America
                         Securities LLC, UBS Securities, LLC, and

13                      Citigroup Global Markets, Inc.

14

15  Dated:  March 4, 2009      FAIRBANK & VINCENT

16                           By:   _Robert H. Fairbank / DJK_

17                             Robert H. Fairbank

18                      ROBERT H. FAIRBANK, SBN 76359
                         RFairbank@fairbankvincent.com

19                      RICHARD D. GLUCK, SBN 151675
                       RGluck@fairbankvincent.com

20                      444 S. Flower Street, Suite 3860
                       Los Angeles, CA  90071

21                      Telephone:  (213) 891-9010
                       Facsimile:  (213) 891-9011

22

23                      *Attorneys for Defendant*
                      S. Blair Abernathy

24

25

26

27

28

1 | Dated:  March 4, 2009

2

PERKINS COIE LLP

By: *David T. Biderman/DSh*

David T. Biderman

DAVID T. BIDERMAN, SBN 101577
DBiderman@perkinscoie.com
JUDITH G. GITTERMAN, SBN 115661
JGitterman@perkinscoie.com
1620 26th Street
Sixth Floor, South Tower
Santa Monica, CA  90404
Telephone:  (310) 788-9900
Facsimile:  (310) 788-3399

Floyd Abrams (*pro hac vice* application to be submitted)
Adam Zurofsky (*pro hac vice* application to be submitted)
Tammy Roy (*pro hac vice* application to be submitted)
CAHILL, GORDON & REINDEL
80 Pine Street
New York, NY 10005
Telephone:  (212) 701-3000
Facsimile:  (212) 269-5420

*Attorneys for Defendant*
The McGraw-Hill Companies, Inc.

Gibson, Dunn &
Crutcher LLP

17

**NOTICE OF REMOVAL**

1

2    Dated:  March 4, 2009

3

TAYLOR & COMPANY LAW OFFICES LLP

By: _Jayesh S. Hines-Shah /DSL_
      Jayesh S. Hines-Shah

4

5    JAYESH H. HINES-SHAH, SBN 214256
     JHinesShah@tcolaw.com

6    JONATHAN A. PATCHEN, SBN 237346
     JPatchen@tcolaw.com

7    One Ferry Building, Suite 355
     San Francisco, CA  94111

8    Telephone:  (415) 788-8200
     Facsimile:  (415) 788-8208

9    Martin Flumenbaum (*pro hac vice* application
     to be submitted)

10   Andrew J. Ehrlich (*pro hac vice* application to
     be submitted)

11   Tobias J. Stern (*pro hac vice* application to be
     submitted)

12   Jason Williamson (*pro hac vice* application to
     be submitted)

13   PAUL, WEISS, RIFKIND, WHARTON &
     GARRISON LLP

14   1285 Avenue of the Americas
     New York, NY  10019

15   Telephone:  (212) 373-3000
     Facsimile:  (212) 757-3990

16

17   *Attorneys for Defendant*
     Fitch Ratings

18

19

20

21   100612956_7.DOC

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

NOTICE OF REMOVAL